UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DR. KARL ARRIOLA ,

    Plaintiff,

    v.    COMPLAINT
        Case Number: 2:18-cv-36

CARDINAL STRITCH UNIVERSITY, INC.,

    Defendant.

Plaintiff, Dr. Karl Arriola, through his attorneys, Alan C. Olson & Associates, s.c., by Alan C. Olson, alleges in this Complaint as follows:

### NATURE OF THE CASE

1. Plaintiff, Dr. Karl Arriola , alleges that Defendant, Cardinal Stritch University, Inc. ("CSU"), violated the Family and Medical Leave Act of 1993, ("FMLA") [29 U.S.C. § 2601, *et. seq.*] by interfering with his right to take FMLA leave and terminating his employment because of FMLA-protected absences due to his serious medical condition.

### JURISDICTION AND VENUE

2. Jurisdiction over Dr. Arriola's claims under the Family and Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*] is conferred on this Court by 29 U.S.C. §2617(a)(2).

3. The Eastern District of Wisconsin is the proper federal venue for this action pursuant to 28 U.S.C. §1391, because CSU resides in the Eastern District and its unlawful actions occurred in the Eastern District.

## CONDITIONS PRECEDENT

4. All conditions precedent to this action within the meaning of Rule 9(c), Fed.R.Civ.Pro., have been performed or have otherwise occurred.

## JURY DEMAND

5. Dr. Arriola demands that his case be tried to a jury of his peers.

## PARTIES

6. Plaintiff, Dr. Arriola, is an adult who resides at 7906 55th Avenue Kenosha, WI 53142.

7. Defendant, CSU, is a private university that is incorporated under the laws of the State of Wisconsin, with its principal offices located at 6801 N. Yates Rd., Milwaukee WI 53217.

## OPERATIVE FACTS

8. In or around August 2011, Dr. Arriola commenced employment with CSU in the capacity of an adjunct professor and earned a series of promotions thereafter.

9. Dr. Arriola worked more than 1,250 hours during the relevant time period.

10. CSU employed more than 50 employees during the relevant time period.

11. On September 14, 2017, CSU granted Wisconsin FMLA leave to Dr. Arriola because of his serious health condition.

12. After exhaustion of Dr. Arriola's Wisconsin FMLA leave, CSU refused to provide federal FMLA leave to Dr. Arriola, falsely claiming that he had not worked the requisite hours.

13. On January 4, 2018, Dr. Arriola received a letter from CSU dated January 2, 2018 stating that CSU had terminated Dr. Arriola's employment as of December 21, 2017.

14. Dr. Arriola performed his job to the reasonable expectations of CSU.

15. Dr. Arriola was eligible for the FMLA's protections.

16. CSU was covered by the FMLA.

17. Dr. Arriola was entitled to leave under the FMLA.

18. Dr. Arriola provided sufficient notice of his intent to take leave.

19. CSU denied Dr. Arriola FMLA benefits to which he was entitled.

20. CSU took materially adverse actions against Dr. Arriola by terminating his employment and benefits because he exercised his rights protected under the FMLA.

### FIRST CLAIM FOR RELIEF
### FMLA INTERFERENCE § 2615(a)(1)

21. As and for a first claim for relief, Dr. Arriola re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

22. CSU deprived Dr. Arriola of FMLA entitlement in violation of 29 U.S.C. § 2615(a)(1) on the basis that he was eligible for the FMLA's protections, CSU was covered by the FMLA, Dr. Arriola was entitled to leave under the FMLA, he provided sufficient notice of his intent to take FMLA-qualifying leave, and CSU denied his FMLA benefits to which he was entitled.

23. The allegations more particularly described above regarding the

intentional discriminatory practices of CSU, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*]

24. The allegations more particularly described above caused Dr. Arriola wage loss, benefits loss, and expenses, all to his damage.

## SECOND CLAIM FOR RELIEF
## FMLA RETALIATION § 2615(a)(2)

25. As and for a second claim for relief, Dr. Arriola re-asserts the allegations recited above and fully incorporates those paragraphs herein by reference.

26. CSU violated 29 U.S.C. § 2615(a)(2) by taking the materially adverse action of terminating Dr. Arriola's benefits and employment on account of his activity protected by the FMLA.

27. The allegations more particularly described above regarding the intentional discriminatory practices of CSU, were not made with good faith or reasonable grounds for believing that the conduct did not violate the Family Medical Leave Act of 1993, [29 U.S.C. § 2601, *et. seq.*].

28. The allegations more particularly described above caused Dr. Arriola wage loss, benefits loss, and expenses, all to his damage.

WHEREFORE plaintiff demands relief as follows:

    a. damages equal to the amount of wages, employment benefits, and other compensation denied or lost by reason of the FMLA violation pursuant to 29 U.S.C. § 2617;

    b. the interest on said damages calculated at the prevailing rate

pursuant to 29 U.S.C. § 2617;

c. equitable relief as may be appropriate, including employment, reinstatement, and promotion pursuant to 29 U.S.C. § 2617;

d. a reasonable attorney's fee pursuant to 29 U.S.C. § 2617;

e. reasonable expert witness fees pursuant to 29 U.S.C. § 2617;

f. costs of the action pursuant to 29 U.S.C. § 2617;

g. an additional amount as liquidated damages equal to the sum of damages and interest pursuant to 29 U.S.C. § 2617; and

h. such other relief as the court deems just and equitable.

Dated this 8th day of January, 2018.

s/ Alan C. Olson
Alan C. Olson, SBN: 1008953
Attorney for Plaintiff
Alan C. Olson & Associates, S.C.
2880 S. Moorland Rd.
New Berlin, WI 53151
Telephone: (262) 785-9606
Fax: (262) 785-1324
Email: AOlson@Employee-Advocates.com