UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

DR. KARL ARRIOLA,

    Plaintiff,

v.

                              Case Number: 2:18-cv-36

CARDINAL STRITCH UNIVERSITY, INC.,

    Defendant.

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and Civ. L.R. 56(b) of the United States District Court for the Eastern District of Wisconsin, defendant, Cardinal Stritch University ("Cardinal Stritch"), respectfully submits the following statement of undisputed material facts in support of its motion for summary judgment.

### THE PARTIES

1. Plaintiff, Karl Arriola ("Plaintiff") is an adult resident of Wisconsin. (See Complaint (ECF 1) and Answer (ECF 13) at ¶ 6.)

2. Defendant Cardinal Stritch is a private university with its principal offices located at 6801 N. Yates Rd., Milwaukee, WI 53217. (*See* Complaint (ECF 1) and Answer (ECF 13) at ¶ 7.)

### PLAINTIFF'S EMPLOYMENT WITH CARDINAL STRITCH

3. Cardinal Stritch hired Plaintiff as an Adjunct Professor in 2010. (Declaration of Jacqueline Sukowaty ("Sukowaty Decl.") at ¶ 4.)

4. Beginning on March 1, 2017, Plaintiff was employed by Cardinal Stritch as an

Assistant Professor and Chair of the College of Business. (Sukowaty Decl. at ¶ 4.)

5. During his employment with Cardinal Stritch, Plaintiff was not a participant in any of Cardinal Stritch's group health insurance plans. (Sukowaty Decl. at ¶ 5.)

6. On or about September 14, 2017, Plaintiff reported to Cardinal Stritch Human Resources representative Jacqueline Sukowaty that he had had two interactions with co-workers that were upsetting to him, and that he did not want to return to work based on these incidents. (Sukowaty Decl. at ¶¶ 6–7.)

7. Following his report of the incidents, Ms. Sukowaty took Plaintiff's statement, a true and correct copy of which is attached as Exhibit 1 to the Declaration of Jacqueline Sukowaty. (Sukowaty Decl. at ¶ 6.)

8. Plaintiff did not return to work after making the report to Ms. Sukowaty. (Sukowaty Decl. at ¶ 7.)

9. On September 19, 2017, Plaintiff provided a letter from his physician indicating that he needed to be on leave from work through October 10, 2017. Plaintiff also informed Ms. Sukowaty that "I visited my physician today, and please see the attached Medical Notification that I will be out from work until he see's [*sic*] me on 10/10/2017, for a follow-up. Please contact Associate Amy Coon and advise her that I will be on leave until my physician determines I can return back to work, as I am under professional treatment." (Sukowaty Decl. at ¶ 8 & Ex. 2.)

10. The "Medical Notification" that Plaintiff provided to Cardinal Stritch on September 19, 2017, simply stated "This is to certify that Karl E. Arriola has been under Joseph L. Paukner, MD's care from 9/19/2017 and was off work 9-14-17 thru 10-10-17." There were no restrictions listed on the form. (Sukowaty Decl. at ¶ 8 & Ex. 2.)

11. On September 21, 2017, Cardinal Stritch notified Plaintiff that he was eligible for

leave under the State of Wisconsin Family and Medical Leave Act through September 28, 2017. (Sukowaty Decl. at ¶ 9 & Ex. 3.)

12. Also in its September 21, 2017 letter to Plaintiff, Cardinal Stitch notified Plaintiff that Cardinal Stritch had determined that Plaintiff was ineligible for leave under the federal Family and Medical Leave Act ("FMLA"), but that Cardinal Stritch would grant Plaintiff leave under its unpaid personal leave policy. (Sukowaty Decl. at ¶¶ 9–10 & Ex. 3.)

13. At Plaintiff's request, Plaintiff substituted his accrued, paid sick time during the two-week period of time he was using his leave under the Wisconsin Family and Medical Leave Act. After doing so, Plaintiff did not have any more accrued, paid leave with Cardinal Stritch. (Sukowaty Decl. at ¶¶ 12–13 & Ex. 5.)

14. On October 9, 2017, Plaintiff requested an extension of his leave until November 9, 2017 and provided a note from his physician indicating that he would need to be on leave through November 9, 2017. Cardinal Stritch granted Plaintiff's request by letter dated October 13, 2017 (Sukowaty Decl. at ¶ 14 & Ex. 6.)

15. On November 9, Plaintiff requested another extension of his leave of absence until December 21, 2017, and provided a note from his physician in support of the request, which provided, "This is to certify that Karl E. Arriola has been under Joseph L Paukner, MD's care from 11/9/2017 and will be off work for 6 week. Pt. will f/u with Dr. Paukner in 6 weeks." (Sukowaty Decl. at ¶ 16 & Ex. 8.)

16. Cardinal Stritch granted Plaintiff's November 9, 2017 request. (Sukowaty Decl. at ¶ 17 & Ex. 9.)

17. Cardinal Stritch did not reduce or deny any benefit which accrued to Plaintiff prior to the leave during the leave. (Sukowaty Decl. at ¶ 18.)

18. Plaintiff was never disciplined for any of his absences from September 14, 2018 to December 21, 2017. (Sukowaty Decl. at ¶ 19.)

19. On December 21, 2017, Plaintiff requested a further extension of his leave of absence through January 22, 2018, and provided an additional note from his physician. The December 21, 2018 note indicated, "This is to certify that Karl E. Arriola has been under Joseph L. Paukner, MD's care from 12/21/2017 and is unable to return to work until January 22, 2018." (Sukowaty Decl. at ¶ 20 & Ex. 10.)

20. By December 21, 2017, Cardinal Stritch had granted Plaintiff a total of fourteen weeks of leave. (Sukowaty Decl. at ¶ 24.)

21. By letter dated January 2, 2017 [sic], Cardinal Stritch denied Plaintiff's request for a further extension of his leave and terminated Plaintiff's employment. (Sukowaty Decl. at ¶ 22 & Ex. 11.)

22. Cardinal Stritch terminated Plaintiff's employment because Cardinal Stritch determined that it needed to fill Plaintiff's position and that it could not grant Plaintiff an additional four weeks of leave. (Sukowaty Decl. at ¶ 23.)

**PLAINTIFF'S CONDUCT DURING HIS LEAVE OF ABSENCE FROM CARDINAL STRITCH**

23. Plaintiff alleges in this case that his serious health condition was Post-Traumatic Stress Disorder. (Declaration of Emily Constantine ("Constantine Decl.") at ¶ 4 & Ex. 1; Deposition of Karl Arriola at 7.)

24. Plaintiff's physician did not diagnose Plaintiff with or treat Plaintiff for Post-Traumatic Stress Disorder in 2017. (Constantine Decl. at ¶ 5 & Ex. 2; Deposition of Dr. Joseph Paukner at p. 23; Constantine Decl. at ¶ 4 & Ex. 1; Deposition of Karl Arriola at p. 11.)

4

25. During his leave from Cardinal Stritch, Plaintiff worked for his consulting businesses and also obtained part-time employment for Harper College, another educational institution located in Illinois. (Constantine Decl. at ¶ 4 & Ex. 1; Deposition of Karl Arriola at p. 162–71; Constantine Decl. at ¶ 5 & Ex. 2; Deposition of Dr. Joseph Paukner at p. 29.)

26. Plaintiff's acceptance of a teaching position with Harper College during his leave constituted a violation of Cardinal Stritch's policies. Specifically, the "Off-Campus Commitment" Section of the Cardinal Stritch Faculty Handbook states:

> The nature and extent of any of-campus contractual commitments should be discussed with the Department Chair/Program Chair/Associate Dean, Dean, or the Executive Vice President for Academic Affairs during consideration of course assignment, committee selection, departmental duties, and overload. Wen teaching for another institution, it is necessary to obtain the permission of the President. This request must be made in writing and copied to the Executive Vice President for Academic Affairs. The Dean of the College and the Department/Program Chair should also be informed.

(Sukowaty Decl. at ¶¶ 24–25 & Ex. 12.)

27. Cardinal Stritch did not learn about Plaintiff's employment with Harper College until after this lawsuit was initiated. (Sukowaty Decl. at ¶ 24.)

## CARDINAL STRITCH'S POLICIES

28. Under Cardinal Stritch's unpaid personal leave policy, "[f]ailure to return from a leave of absence shall be deemed a voluntary resignation." (Sukowaty Decl. at ¶ 11 & Ex. 4.)

29. Under Cardinal Stritch's FMLA policy, the University has the right to run an employee's medical leave entitlement concurrently with any worker's compensation or disability leave the employee may be taking, even if the employee does not request such leave be considered an FMLA leave. (Sukowaty Decl. at ¶ 26 & Ex. 13.)

30. Under Cardinal Stritch's unpaid personal leave policy, an unpaid personal leave of

absence is generally no longer than two months.  (Sukowaty Decl. at ¶ 11 & Ex. 4.)

Dated this 17th day of September, 2018.

                                      s/ Emily A. Constantine
                                      Emily A. Constantine
                                      State Bar No. 1087257
                                      Michael D. Hayes
                                      State Bar No. 1101723

Attorneys for Defendant
HUSCH BLACKWELL LLP
Emily A. Constantine
555 East Wells Street, Suite 1900
Milwaukee, Wisconsin 53202-3819
Telephone:  414-273-2100
Fax:  414-223-5000
emily.constantine@huschblackwell.com

Michael D. Hayes
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
312-655-1500
312-655-1501 (fax)
Michael.Hayes@huschblackwell.com